**Todd M. Friedman**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **GARY GEISERT,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR** |
| | )   **1. VIOLATION OF THE** |
| vs. | )        **TELEPHONE CONSUMER** |
| | )        **PROTECTION ACT** |
| **VERIZON WIRELESS (VAW) LLC,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. Section 1331 and Section 1391.

///

### III. PARTIES

3. Plaintiff, Gary Geisert ("Plaintiff"), is a natural person residing in Spokane county in the state of Washington. At all relevant times herein, Plaintiff was residing and received collection calls from Defendant while residing in El Paso County in the state of Colorado.

4. At all relevant times herein, Defendant, VERIZON WIRELESS (VAW) LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff and is a person as defined by 47 U.S.C. §227, *et seq*.

### IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Beginning in or around April of 2015, Defendant began making a barrage of calls to Plaintiff.

7. Defendant contacted Plaintiff in a manner that would constitute harassment, annoyance, and abuse.

8. Defendant caused Plaintiff's telephone to ring in a manner that would constitute harassment.

9. On or around July 22, 2015, Plaintiff sent a notice of representation to Defendant. Defendant has failed to respond at this time.

10. Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

13. During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

14. Defendant conduct violated the TCPA by:

   a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

15. As a result of the above violations of the TCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to

Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A. Declaratory judgment that Defendant's conduct violated the TCPA;
   B. Actual damages;
   C. Statutory damages for willful and negligent violations;
   D. Costs and reasonable attorney's fees,
   E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 8th day of February, 2016.

> By: s/ Todd M. Friedman
> Todd M. Friedman
> Law Offices of Todd M. Friedman, P.C.
> Attorney for Plaintiff